**Curtis HARRIS, Plaintiff,**

v.

**NEWMAN MACHINE COMPANY, INC.
A Foreign Corporation, Defendant.**

No. Civ. A. J85–0168(L).

United States District Court,
S.D. Mississippi,
Jackson Division.

May 9, 1986.

**3.** In the instant case, such notice and record are to be filed with this Court within 30 days of the date of this Order.

Paul Snow, Snow & Brantley, Jackson, Miss., for plaintiff.

Thomas M. Murphree, Watkins and Eager, Jackson, Miss., for defendant.

## MEMORANDUM OPINION

TOM S. LEE, District Judge.

This cause is before the court on the motion of the defendant, Newman Machine Company, Inc. (NMC), for judgment on the pleadings or, alternatively, for summary judgment.

According to the complaint, plaintiff was injured while operating a planer machine manufactured by Baxter D. Whitney and Son, Inc. Plaintiff alleges that defendant merged with the manufacturer in 1976 and is, therefore, liable under theories of strict liability in tort, negligent breach of various duties regarding the machine and breach of implied warranties.

Defendant contends that this court lacks in personam jurisdiction. In support thereof, defendant offers the uncontroverted affidavit of Frank W. York, president of NMC. York states that the manufacturer of the machine, Baxter D. Whitney and Son, Inc., was incorporated in 1919. In 1955, Baxter D. Whitney and Son, Inc. sold some assets to defendant and changed its name to Winchendon Machinery Company. Winchendon was dissolved in 1956. Also in 1955, a new corporation, Baxter D. Whitney and Sons, Inc. was formed and became a wholly owned subsidiary of NMC, dealing primarily with sales of NMC machinery. It was this company, Baxter D. Whitney and Sons, Inc., with which NMC merged in 1976.

Whether a federal court may exercise in personam jurisdiction over a defendant in a diversity action involves a two-part test: (1) whether the defendant is amenable to service of process under the forum state's statute and (2) whether assertion of juris-

diction comports with the due process clause of the fourteenth amendment. *See Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1166 (5th Cir.1985).

The due process requirements are satisfied if the nonresident has some minimum contact with the forum resulting from an affirmative act and if it is fair and reasonable to require the nonresident to defend the suit in the forum state. *See D.J. Investments, Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc.*, 754 F.2d 542, 545 (5th Cir.1985). The court must consider whether the nonresident

'purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protection of its laws.' The defendant's conduct and connection with the forum state must be such that [it] should reasonably anticipate being hailed into court in the forum state.

*Growden v. Ed Bowlin & Associates, Inc.*, 733 F.2d 1149, 1151 (5th Cir.1984) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958). Where, as here, the controversy is allegedly "related to or arises out of a nonresident's contact with the forum, the minimum-contact inquiry focuses on the relationship among the defendant, the forum, and the litigation." *Stuart v. Spademan*, 772 F.2d 1185, 1190 (5th Cir.1985). In *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 105 S.Ct. 2174, 2182, 85 L.Ed.2d 528 (1985), the United States Supreme Court stated:

Where a forum seeks to assert specific jurisdiction over an out-of-state defendant who has not consented to suit there, this 'fair warning' requirement is satisfied if the defendant has 'purposefully directed' his activities at residents of the forum ... and the litigation results from the alleged injuries that 'arise out of or relate to' those activities. ...

In his uncontroverted affidavit, York sets forth the details of the relationship between defendant and the manufacturer of the planer in question and defendant's actions regarding the planer. The affidavit establishes clearly that defendant's only

contact with the manufacturer was a purchase of assets and that, since that time, defendant has had no contact with the planer, in Mississippi or elsewhere. Accordingly, the due process clause does not permit subjecting defendant to the jurisdiction of this court.

Defendant moves alternatively for summary judgment. Summary judgment is appropriate only where, considering all facts in the light most favorable to the opposing party, there is "no genuine issue as to any material fact and [ ] the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). *See Williams v. Shell Oil Co.*, 677 F.2d 506, 509 (5th Cir.), *cert. denied*, 459 U.S. 1087, 103 S.Ct. 570, 74 L.Ed.2d 933 (1982). While "[a]ny doubt as to the existence of a material fact is to be resolved against the moving party," *Id.*, "an adverse party may not rest upon the mere allegations or denials of its pleading, but his response by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).

 Plaintiff's primary claims relate to the manufacture and sale of the planer. Since defendant neither sold nor manufactured the planer, summary judgment on those issues is appropriate. It should also be noted that by his affidavit, York states, based on his twenty years in the woodworking machine industry, that the planer in question conformed to industry standards at the time of manufacture and was reasonably safe when initially sold. Supervisors of plaintiff, Ricky Lyes and Luther Goolsby, stated in their depositions that plaintiff was instructed in the proper way to operate the machine and was specifically told to feed lumber of various thicknesses one piece after the other. Goolsby further stated that the planer used by plaintiff is "tops" in safety. According to Lyles and Goolsby, the accident occurred because plaintiff fed lumber of different thicknesses at the same time.

Plaintiff also alleges that defendant, regardless of its role in the manufacture and initial sale of the planer, had a duty, as a purported successor corporation, to warn of the alleged potential danger, a cause of action which has not been recognized in Mississippi. In *Tucker v. Paxson Machine Co.*, 645 F.2d 620 (8th Cir.1981), the Eighth Circuit stated:

> The courts consider the following factors as significant in determining the existence of a relationship effective to create a duty to warn: (1) succession to a predecessor's service contract; (2) coverage of the particular machine under the contract; (3) a service of that machine by the purchaser-corporation; and (4) the purchaser-corporation's knowledge of defects and of the location or owner of that machine.

Here York's affidavit clearly establishes that defendant has never serviced a machine manufactured by Baxter D. Whitney and Son, Inc. York furthermore denies that the planer is defective or that defendant knew of the location and owner of the machine prior to suit. Accordingly, even if the tort were recognized in Mississippi, the relationship between defendant and the manufacturer is not sufficient to create the requisite duty. Therefore, if the court had in personam jurisdiction of the defendant, summary judgment would be appropriate on this issue also.

A separate judgment conforming with this opinion shall be entered according to the local rules.