Gary L. **CURRY**, Plaintiff,

v.

Robert D. **WILLIAMS**, Defendant.

Civ. A. No. C–94–59.

United States District Court,
S.D. Texas,
Corpus Christi Division.

Aug. 2, 1994.

---

488

George Denwell Barre, Corpus Christi, TX, for plaintiff.

G. Gary Norton, Corpus Christi, TX, for defendant.

### ORDER ON DEFENDANT'S MOTION TO DISMISS

JACK, District Judge.

On this date, came on to be heard Defendant Robert D. Williams Motion to Dismiss for Lack of Jurisdiction and Plaintiff's Response to Defendant's Motion to Dismiss.

### I. JURISDICTION

This cause of action is in federal court as a result of a removal based on a diversity of citizenship between the Plaintiff and the Defendant pursuant to 28 U.S.C., § 1332(a).

### II. FACTS

During 1992 and 1993, Defendant, a resident of Missouri, offered to sell his one hundred percent (100%) ownership interest in and to R.D. Williams, Inc. d/b/a Williams Ford ("the dealership") located in Kansas City, Missouri. Plaintiff, Gary L. Curry, read at his office located in Corpus Christi, Nueces County, Texas an advertisement in a national written publication offering for sale Defendant's ownership in the dealership. Plaintiff previously lived in Topeka, Kansas and knew Defendant from this time. After seeing the unidentified advertisement, Plaintiff contacted Defendant in Missouri by telephone to ask if it was his dealership for sale. Plaintiff and Defendant had several telephone conversations negotiating the terms of the sale. Plaintiff visited Kansas City twice in order to inspect the dealership. Defendant, however, never went to Texas or conducted any business in Texas.

During their conversations, Plaintiff attempted to purchase the dealership for less than Defendant's asking price; however, each of Plaintiff's attempts failed. Eventually, sometime before November 18, 1993,

Plaintiff alleges that he and Defendant entered into an agreement in which Plaintiff agreed to purchase Defendant's stock in the dealership for Defendant's asking price. On November 18, 1993, Plaintiff received in Corpus Christi, Texas, a Buy–Sell Agreement of Corporation Purchase ("the document") that had been prepared by Defendant. Plaintiff signed the document in Corpus Christi, Texas and returned it without any alterations to Defendant by Federal Express on November 26, 1993.

After signing and returning the document, Plaintiff alleges that with Defendant's knowledge he chose not to exercise his right to purchase stock in the corporation for which he worked. Plaintiff further asserts that he incurred damages that were foreseeable as a result of not purchasing this stock. Defendant subsequently sold his ownership interest in the dealership to Bob Balderston. Plaintiff argues that he suffered economic loss as a result of Defendant's actions.

### III. CAUSES OF ACTION

■ Exercising personal jurisdiction over a nonresident defendant requires that the defendant has "some minimum contacts with the state resulting from an affirmative act" as well as that it "is not unfair to require the defendant to defend the suit in the forum." *Growden v. Ed Bowlin & Assoc., Inc.*, 733 F.2d 1149, 1150 (5th Cir.1984); *Colwell Realty Investments, Inc. v. Triple T Inns of Arizona, Inc.*, 785 F.2d 1330 (5th Cir.1986). A nonresident defendant must commit some affirmative act that purposefully avails it to the privilege of conducting activities within the forum state, thus invoking the benefits and protections of the forum state's laws. *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958). Moreover, "the defendant's conduct and connection with the forum state must be such that he should reasonably anticipate being haled into court in the forum state." *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980).

■ Plaintiffs maintain that Defendant's telephone calls and sending the document through the mail constituted sufficient con-

tacts to establish jurisdiction. Courts have generally been wary about creating jurisdiction for nonresident defendants on the basis of an isolated act. The facts in this case are very different than a leading case, *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). In that case, Rudzewicz owned and operated a Burger King restaurant in Michigan. He argued that he had no contacts with Florida despite the franchise agreement with Burger King which was a Florida corporation and which, as part of the contract agreement, required certain acts to be performed in Florida. The Supreme Court held that the existing franchise agreement put the defendant on notice that he could be haled into the forum. He had a substantial, continuing relationship with Burger King through their Florida headquarters. Moreover, various franchise documents put him on notice that he could be subjected suit in Florida. *Id.* at 487, 105 S.Ct. at 2190. In the matter before this Court, Defendant has not "purposefully directed" his actions toward Plaintiff or Texas residents in general, he merely attempted to sell his auto dealership. Defendant's contacts are too random to establish jurisdiction. *Id.* at 475, 105 S.Ct. at 2183. *See also Keeton v. Hustler Magazine*, 465 U.S. 770, 774, 104 S.Ct. 1473, 1478, 79 L.Ed.2d 790 (1984). The Fifth Circuit, moreover, has stated "that merely contracting with a resident of a forum state is insufficient here to subject the nonresident to the forum's jurisdiction." *Colwell Realty*, 785 F.2d at 1334.

In order to decide whether Defendant "should be required to defend [himself] in a suit in Texas arising out of a [dispute] between [him] and [Plaintiff], each case must be decide on its own facts." *D.J. Investments, Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc.*, 754 F.2d 542, 544 (5th Cir.1985); *Hydrokinetics, Inc. v. Alaska Mechanical, Inc.*, 700 F.2d 1026, 1028 (5th Cir. 1983). In this case, Plaintiff and Defendant merely discussed a possible sale of the dealership to Plaintiff but had no signed contract. There is no allegation that any act under the alleged contract was to be performed in Texas. It would be unfair to hold Defendant accountable in any forum throughout the United States simply because he placed telephone calls and mail correspondence. Therefore, Plaintiff's argument fails on both prongs of the test: minimum contacts and fairness. In order to satisfy traditional notions of fairness, a nonresident defendant must "purposefully derived a benefit" from substantial activities in the forum state. *Kulko v. California Superior Court*, 436 U.S. 84, 96, 98 S.Ct. 1690, 1699, 56 L.Ed.2d 132 (1978).

Therefore as a matter of law, Defendants' Motion to Dismiss for Lack of Jurisdiction is hereby GRANTED for the reasons discussed above. Plaintiff's cause of action is hereby DISMISSED.