**ST. MARTIN & MAHONEY,**
a Professional Law
Corporation

v.

**James H. PATTON.**

**Civ. A. No. 94–2569.**

United States District Court,
E.D. Louisiana,
Magistrate Division 5.

Sept. 13, 1994.

Louis J. St. Martin, Estelle Elouise Mahoney, Stephen J. Johnson, St. Martin & Mahoney, APLC, Houma, LA, for plaintiff.

Joel L. Borrello, Jeffrey W. Bennett, Adams & Reese, New Orleans, LA, for defendant.

CHARLES SCHWARTZ, Jr., District Judge.

## ORDER AND REASONS

This matter comes before the Court on defendant, James H. Patton's Motion to Dismiss for Lack of Personal Jurisdiction. Plaintiff law firm, St. Martin & Mahoney, filed timely opposition to the foregoing motion which was also the subject of defendant's reply memorandum. The matter was set for oral hearing on September 14, 1994 but was submitted on the briefs prior to that date, the Court having determined that oral argument would not aid it in the disposition of this matter. For the reasons set forth hereinafter, the Court GRANTS the defendant's Motion to Dismiss for Lack of Personal Jurisdiction.

## I. BACKGROUND:

Plaintiff's lawsuit is one for Specific Performance and Damages for Breach of Contract against the defendant, James H. Patton ("Patton"), a resident of the State of Michigan. Plaintiff a Louisiana law firm allegedly entered a contract to purchase the defendant's 1981 Mitsubishi MU2 Solitaire N99LC, serial number 438SA, for $635,-000.00. The merits of this case appear hotly disputed. However, the facts insofar as they pertain to the defendant's Motion to Dismiss are not the subject of dispute.[1]

Patton is a resident and domiciliary of Flint, Michigan, where he owns and operates an automobile towing company. He has never transacted or conducted any business *in* the State of Louisiana, has no registered agent for service of process in this State and

---

**1.** Defendant submits that even assuming all of the unsupported allegations set forth in the plaintiff's opposition memorandum are true and proved, there exists insufficient minimum contacts to warrant the exercise of jurisdiction over him by a Louisiana court.

concomitantly has never derived any revenue from the sale of goods or services rendered in this State. Patton has never resided in the State of Louisiana and has no interest in any movable or immovable property in this State. The only time he ever set foot in this State was in 1984, to attend the Sugar Bowl in New Orleans.

The events leading up to the alleged sale of defendant 1981 Solitaire aircraft are that in June of 1994, Patton received a letter in Michigan from the defendant law firm inquiring about purchasing his airplane. Patton had previously listed his airplane for sale with a broker, which broker advertised his plane for sale in *Trade–A–Plane*, a publication with national circulation and Jet–Net, a national on-line computer service. Subsequent to defendant law firm's letter to Patton in Michigan inquiring regarding the sale of the aircraft, certain telephone and facsimile communications ensued between plaintiff law firm in Houma, Louisiana and defendant Patton in Flint, Michigan. Specifically, on July 5, 1994 plaintiff's pilot/agent, Allen Miles ("Miles"), in Louisiana and Patton in Michigan discussed the possible purchase of the subject airplane by telephone. On July 15, 1994 via facsimile transmission Miles made the first offer to Patton in Michigan on behalf of the plaintiff law firm to purchase Patton's aircraft. On July 27, 1994 Miles called Patton in Michigan from Louisiana and left a message. Patton returned Miles call and they discussed the earlier faxed offer. On July 28 through July 31, 1994, there were more telephone and "faxed" communications negotiating the sale of the Patton's aircraft between Miles in Louisiana and Patton in Flint, Michigan.

On August 1, 1994, plaintiff's pilot/agent Miles went to Flint, Michigan to meet with Patton and together they flew from Flint, Michigan to Tulsa Oklahoma in Patton's aircraft to conduct a pre-purchase inspection of the aircraft. A contract for the sale of Patton's airplane in "as is" condition was executed in Flint, Michigan. Thereafter, the deal disintegrated and the facts are disputed as to how the alleged deal "fell apart," although such disputed facts are wholly irrelevant to the issue of personal jurisdiction. Subse-quently, Patton telephoned Miles in Louisiana from Michigan on several occasions and then, the instant proceedings were instituted on behalf of the plaintiff law firm.

## II. DISCUSSION:

It is the plaintiff's contention that facsimile and telephone communications between it in Louisiana and the defendant in Flint, Michigan and the defendant's broker's publication of advertisement for the sale of his aircraft in a magazine/computer network with a national reach is sufficient to warrant exercise of jurisdiction over the defendant in a Louisiana court. It is the defendant's contention that even if this Court were to assume all of the factual allegations contained in plaintiff's opposition to his Motion to Dismiss as true, such is insufficient minimum contacts with the State of Louisiana to warrant the exercise of personal jurisdiction over him. Essentially the defendant contends that under the circumstances, the exercise of personal jurisdiction over him by this Court would exceed the limits of "due process" and is consequently constitutionally impermissible. This Court agrees with the defendant's argument and is further of the opinion that considering the Fifth Circuit's pronouncements in *Growden v. Ed Bowlin and Associates, Inc.*, 733 F.2d 1149 (5th Cir.1984) and *Hydrokinetics, Inc. v. Alaska Mechanical, Inc.*, 700 F.2d 1026 (5th Cir.1983), any decision to exercise jurisdiction over the defendant under the peculiar facts and circumstances of this case would constitute both an abuse of discretion and reversible error.

The determination of the validity of a court's assertion of jurisdiction over a non-resident under a long-arm statute generally involves a two-step analysis: (1) the state statute must provide authority for the court to exercise personal jurisdiction over the non-resident in the litigation; and (2) there must be sufficient contacts between the defendant, the litigation and the forum state so as not to offend the traditional notions of due process. Because the Louisiana Long–Arm Statute LSA–R.S. 13:3201 has been construed to extend jurisdiction coextensively

with the limits of "due process,"[2] the first inquiry collapses into the second. Thus, the sole issue before this Court is whether it is consistent with the Due Process Clause to require the defendant in this case to defend against this suit in Louisiana federal district court.

The *Growden* case, wherein the Fifth Circuit reversed the district court and held that a Georgia corporation's contact with Louisiana were insufficient to allow exercise of *in personam* jurisdiction, bears a striking resemblance to the case at bar and merits some discussion. In *Growden* the non-resident defendant Georgia corporation, Bowlin, was engaged in the business of resale of used aircraft and sold one to three aircraft a year. It advertised the Cessna aircraft, which crashed after it was sold to two Louisiana residents, in two national publications, "Aero Trader" and "Trade–A–Plane." The Bowlins met with Growden the prospective purchaser in Alabama for a demonstration of the plane. Later the Growdens signed an agreement to purchase the plane and paid the purchase price in Georgia. The Growdens personally received the plane in Georgia and flew it back to Louisiana. Prior to departing Georgia the Growdens noticed a flickering alternator light and Bowlin agreed to pay for any repairs. On the first flight the Cessna made after it arrived in Louisiana, the airplane lost power and crashed; both occupants, Tom Growden and Richard Smith, died. In addition to the aircraft's manufacturers, the decedents' survivors also sued the company which serviced the aircraft and Bowlin.

In the instant case as in the *Growden* case, consideration of the jurisdictional facts, compel the conclusion that the non-resident defendant does not have the necessary minimum contacts within the state of Louisiana, the forum state, to comport with due process requirements. Patton does not maintain an office, agent, or place of business in Louisiana. He has never advertised in local Louisiana media; he has no listing in any Louisiana telephone directories. He is not in the business of selling aircraft, used or otherwise. The only sale of any aircraft to a Louisiana resident is the solo yet to be consummated

sale which is the subject of plaintiff's suit for specific performance. It is undisputed that Patton never sent representatives, inspectors, or repair or service personnel to Louisiana. Patton himself has never set foot in the state of Louisiana except on one occasion to attend a Sugar Bowl game in 1984.

As for telephone, facsimile, and letter communications between Louisiana and Michigan in the negotiation or development of a contract, the Fifth Circuit in *Hydrokinetics, Inc. v. Alaska Mechanical, Inc.*, 700 F.2d 1026 (5th Cir.1983) held that similar communications between a Texas plaintiff and Alaskan defendant in the development of a contract of sale in itself is insufficient to be characterized as purposeful activity invoking the benefits and protections of the forum state's (i.e., Texas') laws. The Fifth Circuit explained:

> We agree with the district court's conclusion that [defendant] did not purposely avail itself of the privilege of conducting business within Texas or invoke the benefits and protections of Texas law. Although it did agree to purchase goods which it knew were to be manufactured in Texas, no performance by [defendant] was to take place in Texas, other than perhaps payment for the goods. We do not believe that the unilateral activity of [plaintiff] in Texas satisfies the requirement of contact between [defendant] and the state of Texas. Nor do we weigh heavily the fact that [defendant] may have mailed payment checks into the forum state in exchange for the goods. Yet we do consider significant that only a single transaction is involved in this case, governed by Alaska law, which is the defendant's sole contact with the forum state. The only performance in Texas was that of the plaintiff, with the delivery by [plaintiff] in the state of Washington. As for the exchange of communications between Texas and Alaska in the development of the contract, that in itself is also insufficient to be characterized as purposeful activity invoking the benefits and protections of the forum state's laws. *Id.* at 1028.

---

**2.** *Petroleum Helicopters, Inc. v. Avco Corporation,* 834 F.2d 510, 512 (5th Cir.1987).

Considering the facts of *Hydrokinetics*, only if this Court were of the opinion that "less is more," could the nonresident defendant's contacts with the forum state in the case at bar be considered sufficient to warrant the exercise of personal jurisdiction over him by this Court. In *Hydrokinetics*, the nonresident defendant had even travelled to Texas to close the deal and that was considered insufficient by the Fifth Circuit. Moreover, *Growden* stands squarely for the proposition that the publication of advertisements for the sale of a plane in two national publications is insufficient to warrant the exercise of personal jurisdiction over a nonresident defendant.

■ Finally, in terms of assessing the fairness of asserting jurisdiction, the burden placed on the defendant in this case of being haled into a Louisiana court from Flint, Michigan is great and this suit implicates no distinct interest of the state of Louisiana. Whereas here, the cause of action does not arise from the **nonresident defendant's purposeful contact within the forum state,** due process requires there be continuous and systematic contacts between the State and the nonresident defendant to support an exercise of general personal jurisdiction by that forum.[3] In short, that one aircraft owned by Patton in Flint, Michigan, but for the failed negotiations, might have been brought to Louisiana, is insufficient to create the defendant's presence in the forum state. The solo transaction (i.e., the sale of defendant's aircraft) was to be consummated outside of the state of Louisiana. The laws of Louisiana neither protected nor benefited nonresident defendant Patton.

Accordingly and for all of the above and foregoing reasons including that the defendant lacks sufficient minimum contacts within the forum State to warrant the exercise of personal jurisdiction by this Court,

IT IS ORDERED that the defendant's Motion to Dismiss for Lack of Personal Jurisdiction is GRANTED and thus, the plaintiff's claims against the defendant herein,

James H. Patton, are hereby DISMISSED WITHOUT PREJUDICE.

---

3. *Bearry v. Beech Aircraft Corporation,* 818 F.2d 370, 374 (5th Cir.1987).