Tammy LOTT, individually, and as
next friend of Logan Lott, a
minor, Plaintiff,

v.

J.W. O'CONNOR & CO., INCORPORAT-
ED, Dillard's Department Store, Inc.,
and Jane Doe, Defendants.

No. 4:96CV287–S–D.

United States District Court,
N.D. Mississippi,
Greenville Division.

Jan. 23, 1998.

C.W. Walker, III, Bradley Truett Golmon,
Lake Tindall, LLP, Greenville, MS, for Tammy Lott.

J. Franklin Williams, Spicer, Flynn &
Rudstrom, Oxford, MS, for J.W. O'Connor &
Co., Inc.

Kenneth M. Barton, William M. Gage, Butler, Snow, O'Mara, Stevens & Cannada, Jackson, MS, for Dillard's Dept. Store, Inc.

## OPINION

SENTER, Chief Judge.

■ This cause is before the court upon a
motion to dismiss for lack of *in personam*
jurisdiction by J.W. O'Connor & Co., Incorporated, a Delaware corporation based in
New York. The complaint arises from an
injury sustained by the minor plaintiff, a
resident of Washington County, Mississippi,
after he fell from a concrete wall in the
parking lot of the Oak Court Mall in Memphis, Tennessee. The plaintiffs allege that
O'Connor, the owner of the mall, failed to
provide a safe premises. In a diversity action, this court may exercise jurisdiction over
a non-resident defendant only if permitted by
the Mississippi Long Arm Statute and not
beyond the reach of the Due Process Clause.
On a motion to dismiss for lack of personal
jurisdiction, the plaintiff bears the burden of
establishing the district court's jurisdiction
over the non-resident. *Wilson v. Belin,* 20
F.3d 644, 648 (5th Cir.), *cert. denied,* 513 U.S.
930, 115 S.Ct. 322, 130 L.Ed.2d 282 (1994).
Uncontroverted allegations in the complaint
must be taken as true and conflicts between
the facts contained in the parties' affidavits
must be resolved in the plaintiff's favor for
purposes of determining whether a *prima*

*facie* case exists for purposes of personal jurisdiction. *Id.*

### MINIMUM CONTACTS

■ The Mississippi Long Arm Statute states in relevant part:

> Any non-resident person, firm, general or limited partnership or any foreign or other corporation not qualified under the constitution of the laws of this state as to doing business herein, who shall ... do any business or perform any character of work or service in this state shall by virtue of such acts be deemed to be doing business in Mississippi.

Miss.Code Ann. § 13–3–57. The plaintiffs argue that defendant O'Connor is amenable to jurisdiction under the long arm statute because Mississippi residents regularly shop at Oak Court Mall, the mall is a regional mall which draws on a Mississippi customer base, and the plaintiffs regularly shop in the mall. The court does not find merit in these particular arguments. Rather than support the contention that Oak Court Mall is "doing business in Mississippi" as required for *in personam* jurisdiction under the long arm statute, these reasons solidify the defendant's basis for filing its motion to dismiss. Indeed, the Mississippi residents, including the plaintiffs, would appear to be "doing business in Tennessee" at a mall which, for all practical purposes, was "doing business in Tennessee."

■ However, the plaintiffs do advance a meritorious argument by alleging that advertising activities of the mall may be sufficient to establish that O'Connor was "doing business" in Mississippi and, thus, establishing *in personam* jurisdiction. *See World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980) ("Advertising reasonably calculated to reach the state" may support jurisdiction.) [1] According to the plaintiffs and uncontroverted by the defendant, Oak Court Mall advertised with three local Memphis television stations, four local Memphis radio stations, and two local Memphis newspapers. Oak Court Mall's representative, Tammy Bigit, readily admit-

ted that the advertising utilized by the mall reaches into the geographical boundaries of the state of Mississippi. The plaintiffs did not allege nor did they provide any proof that Oak Court Mall advertised with Mississippi media.

The plaintiffs attempt to establish continuous and systematic activity with the state of Mississippi through Oak Court Mall's use of Memphis media advertising. In making their case, the plaintiffs rely on the mall's advertising strategy as shown in the following exert from their brief.

> Ms. Bigit, on behalf of the mall, attempted to qualify her responses in the 30(b)(6) deposition by saying that they do not "intend" to advertise in Mississippi. Instead, their intent is to concentrate on specific "niches." The purpose behind such testimony is apparent. By testifying that their advertising is limited to "niche markets," the mall attempts to avoid the consequences of their obvious business connections to the State of Mississippi. However, an examination of sample advertisements—Valentine's Day—exposes this "niche market" testimony for the imposter that it is.

After the 30(b)(6) deponent had testified at length that its advertising dollars were directed toward various business niches and not at any particular state, counsel for the plaintiff produced a flyer demonstrating that the mall had been advertising a Valentine's Day sale on ROCK 103. With respect to this Valentine's Day advertising, Ms. Bigit was questioned as follows:

Q. What niche would that be geared toward?

A. Well, that niche would be anyone that's shopping for valentines.

Q. Regardless of where they lived?

A. Yeah.

Q. Even if they lived in the State of Mississippi?

A. I've never said we exclusively do just target marketing. We do broad

---

1. Because the plaintiffs seek to establish jurisdiction under the "doing business" prong of the long arm statute, they must establish that the non-resident defendant had minimum contacts with this state—an analysis which is similar to the due process analysis.

based, Mother's Day, Father's Day, Valentine's, specific holiday marketing.

Q. Which would clearly reach folks outside the State of Tennessee, correct?

A. I would guess it would, yes.

Apparently the niche market in this situation is anyone who is in love or who would like to be in love and who had a few dollars to spend on that loved one. The mall undertook efforts to reach out for those lover's dollars by advertising through ROCK 103, a lock [sic] radio station which admittedly reaches well into the State of Mississippi.

The Court must ask itself what other "niches" the mall is attempting to reach—Mother's Day (anyone with a mother); Father's Day (anyone with a father); Christmas (holiday shoppers).

What about Thanksgiving? Labor Day? Memorial Day?

It should also be noted that Ms. Bigit readily admitted that the mall makes no attempts to exclude anyone that might be in the particular "niche" that they desire to attract, regardless of the fact that they may live in Mississippi.

Such is the total sum of the plaintiffs' argument to establish continuous and systematic contacts on the part of Oak Court Mall with the state of Mississippi.

Initially, the court notes that it is not incumbent upon this court to "ask itself" questions in an effort to "make" a case for one of the parties. In regard to motions to dismiss for lack of personal jurisdiction, the plaintiff, not the court, has the burden of establishing a prima facie case. *Wilson v. Belin,* 20 F.3d 644, 648. The court is not convinced that the "niche market" testimony is simply an "imposter" which allows the mall to "avoid the consequences of their obvious business connections to the State of Mississippi." That a mall with retailers to promote would target holiday times for advertising purposes rather than target, for instance, "Mississippians" or "Tennesseans" is hardly spectacular. The fact that the advertisements were heard, read, and seen in Mississippi is fortuitous at best. *See McDaniel v.*

*Ritter,* 556 So.2d 303 (Miss.1989). That the mall made no attempt to exclude potential customers who are residents of Mississippi is simply not enough to establish that O'Connor had purposely availed itself to the benefits and protections of the state of Mississippi. *See Hanson v. Denckla,* 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958) ("The affirmative act prong requires that 'there must be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'"). "Purposeful availment by default," as suggested by the plaintiffs, does not comport with the notions of fair play and substantial justice required under the Due Process Clause. *See International Shoe Co. v. State of Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Had the plaintiffs offered proof that Oak Court Mall specifically targeted residents in Mississippi and/or placed advertisements with Mississippi media, their argument might advance their cause.

The plaintiffs support their argument with the two Fifth Circuit cases used by the defendant. The plaintiffs believe that "an application of the principles laid down by these cases would clearly demonstrate that *in personam* jurisdiction does in fact exist over the mall in the State of Mississippi."[2] The court disagrees. In *Loumar v. Smith,* 698 F.2d 759 (5th Cir.1983) and *Growden v. Ed Bowlin and Associates, Inc.,* 733 F.2d 1149 (5th Cir. 1984), the Fifth Circuit found *in personam* jurisdiction did not exist. Both cases involved non-resident defendants whose only contact with the forum state was through advertisements in national publications. After noting that the Supreme Court has recognized that "advertising reasonably calculated to reach the State" may be sufficient to constitute "purposeful availment," the *Loumar* court said, "The Court did not hold, however, that advertising reasonably calculated to reach the state would, without more, permit assertion of personal jurisdiction over the advertiser." *Loumar,* 698 F.2d at 764. This court finds that both of the cited cases support the defendant's position.

---

**2.** Both of the cited cases were decided on due process requirements.

Because the O'Connor Company, as owner of the Oak Court Mall, does not have sufficient minimum contacts to establish that it was "doing business in Mississippi," defendant O'Connor is beyond the reach of the Mississippi Long Arm Statute. Even assuming, however, that O'Connor was found to be within the reach of the long arm statute, our next inquiry—that of due process—would result in dismissal of O'Connor as well.[3] The plaintiffs have failed to meet their burden of establishing a *prima facie* case of *in personam* jurisdiction over Defendant O'Connor.

For the reasons stated above, Defendant O'Connor's motion to dismiss is hereby granted.

An appropriate order shall issue.

*ORDER GRANTING DEFENDANT O'CONNOR'S MOTION TO DISMISS FOR LACK OF IN PERSONAM JURISDICTION*

In accordance with a memorandum opinion issued concurrently, IT IS HEREBY ORDERED:

That defendant O'Connor's motion to dismiss for lack of in personam jurisdiction is granted.

---

**3.** One of the factors considered in determining the limits of state jurisdiction under the Due Process Clause is the plaintiff's interest in obtaining convenient and effective relief. *See Kulko v. Superior Court of California*, 436 U.S. 84, 92, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978). The plaintiffs, Mississippi residents, assure us in their brief that they are regular shoppers at the Oak Court Mall in Memphis, Tennessee. Surely the plaintiffs would not have been inconvenienced with the filing of their complaint in district court in Tennessee.