Harvey Ellis SINGLETARY, II,
Plaintiff-Appellant,

v.

B.R.X., INC., Defendant-Appellee.

No. 87–3077.

United States Court of Appeals,
Fifth Circuit.

Oct. 9, 1987.
Rehearing and Rehearing En Banc
Denied Nov. 17, 1987.

Thomas L. Smith and Frank J. D'Amico, New Orleans, La., for plaintiff-appellant.

Elizabeth A. Alston, Lobman & Carnahan, Metairie, La., for defendant-appellee.

Before THORNBERRY, GARWOOD, and HIGGINBOTHAM, Circuit Judges.

THORNBERRY, Circuit Judge:

Appellant Harvey Singletary, II filed this strict products liability action in the United States District Court for the Eastern District of Louisiana against appellee Basic Research and Xpertise, Inc. (B.R.X.) and Clapps Equipment, Inc. Appellant served process on B.R.X., a California corporation, under the Louisiana Long Arm statute. La.Rev.Stat.Ann. § 13:3201. The district court determined that B.R.X. did not have constitutionally sufficient contacts with Louisiana to justify the exercise of personal jurisdiction and dismissed the case. We affirm.

I.

Singletary was injured on May 16, 1985. Singletary filed suit in the Eastern District of Louisiana on May 16, 1986. The petition asserted that a Clapps Buffing Lathe caused the injury and that Clapps Equipment, Inc., the manufacturer, should be strictly liable for the injury. Singletary also asserted that B.R.X. should be jointly and severally liable for the damages as the

successor corporation of Clapps. Apparently because Clapps Equipment, Inc. no longer exists, it was never served with process. The district court dismissed Clapps from the case on Singletary's motion.

B.R.X. filed its answer on June 30, 1986. The answer raised various Federal Rule of Civil Procedure 12(b) defenses, including the lack of personal jurisdiction. B.R.X. filed a motion for a preliminary hearing on the Rule 12(b) defenses and a motion in the alternative for summary judgment on August 8, 1986. The court scheduled a hearing on these motions for August 27, 1986.

In the meantime, the parties began taking discovery. Singletary served interrogatories on B.R.X. on July 31, 1986 and August 11, 1986, and a request for production of documents on August 19, 1986. Singletary also requested that the scheduled hearing be postponed to allow additional time for discovery. The district judge rescheduled the hearing for November 5, 1986.

B.R.X. objected to the interrogatories and the request for production because both sought information concerning the relationship between B.R.X. and Clapps. Singletary responded to this objection by filing a motion to compel. The district court set a hearing before a magistrate for September 17, 1986, on B.R.X.'s motion for a protective order and Singletary's motion to compel. At Singletary's request, the hearing was continued until September 24, 1986.

At the September 24th hearing, the magistrate ordered B.R.X. to answer the interrogatories and produce the documents relating to B.R.X.'s own contacts with Louisiana. The magistrate further ordered, however, that B.R.X. need not answer the interrogatories or produce the documents that concerned the possible relationship of B.R.X. with Clapps. The magistrate believed that relationship to be irrelevant to the court's personal jurisdiction, stating in a summary to the order that "[a]s to B.R.X., Inc., discovery is permitted as to jurisdiction only...." Record, Vol. I at 212. The magistrate did allow Singletary to file ten additional interrogatories.

The November 5, 1986 date for the hearing on the 12(b) defenses and motion for summary judgment arrived, but upon Singletary's request, the judge continued the matter until January 7, 1987.

Sometime during late 1986, Singletary made a further motion for production of documents and for entry upon land for inspection and other purposes. This motion addressed again the relationship between B.R.X. and Clapps. A hearing on a motion to compel responses to the items in this motion was set for February 4, 1987.

On January 8, 1987, the district judge denied B.R.X.'s motion to dismiss for lack of personal jurisdiction. However, the judge reconsidered this decision and on January 28, 1987 reversed himself, dismissing the complaint against B.R.X. for lack of personal jurisdiction. Singletary filed timely notice of appeal. Because of the dismissal, the magistrate naturally denied the motion to compel at the hearing on February 4.

## II.

■ The district court's decision to dismiss the case was correct, given the evidence before it. The court found only two contacts between B.R.X. and Louisiana. First, B.R.X. had sold one $33.00 part to a Louisiana resident. That sale, however, had nothing to do with Singletary's claim; his claim did not arise out of and was not related to this sale. This contact was weakened even further by the fact that the sale was initiated by the buyer and was shipped F.O.B. California, the seller's place of business. *See Growden v. Ed Bowlin & Associates,* 733 F.2d 1149, 1151–52 (5th Cir. 1984) (delivery of product in seller's state indicates insufficient contacts with buyer's state). Second, B.R.X. had advertised in national trade magazines, some of which circulated in Louisiana. In *Growden,* this court held that advertising in national publications is not in itself sufficient to subject a defendant to personal jurisdiction. *Id.* As in the *Growden* case, no evidence in the record indicates how widely and frequently

the publications were circulated or the amount of business B.R.X. gained from the advertisements. Moreover, *Growden* found insufficient jurisdictional contacts even though the advertisement directly caused the sale in that case. *Id.* at 1151. In this case, Singletary has presented no evidence that his claim arose out of or was related to these advertisements. Thus, the evidence does not show that B.R.X.'s actions rose to the level of a "purposeful availment" of Louisiana law as is necessary to comport with due process. *Id.* at 1152; *cf. Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958).

### III.

■ Singletary's main argument on appeal rests not on any district court error in finding insufficient contacts based on the evidence before it, but on a claim that the district court erred in not allowing more discovery on the jurisdiction issue. More specifically, Singletary complains that the magistrate improperly limited the scope of discovery by granting a protective order that prevented discovery relating to B.R.X.'s relationship with Clapps. Singletary's claim, if established, could entitle him to a reversal. "In an appropriate case, we will not hesitate to reverse a dismissal for lack of personal jurisdiction, on the ground that the plaintiff was improperly denied discovery." *Wyatt v. Kaplan*, 686 F.2d 276, 283 (5th Cir.1982). This case, however, is not an appropriate case. Singletary did not appeal to the district court the ruling of the magistrate denying such discovery as is required by Federal Rule of Civil Procedure 72(a). As this court has previously stated:

> 28 U.S.C. § 636(b)(1)(A) provides that a judge may request that a magistrate hear pre-trial matters pending before the judge, including discovery motions.... Appeals from the magistrate's ruling must be to the district court. *United States v. Reeds*, 552 F.2d 170 (7th Cir. 1977) (per curiam). In the case at bar, while [the defendant] did appeal the magistrate's ruling to the district court, he did not do so until after trial. This delay deprived the trial judge of his ability to

effectively review the magistrate's holding. In essence then, defendant is now appealing a magistrate's decision directly to this Court. The law is settled that appellate courts are without jurisdiction to hear appeals directly from federal magistrates. *Id.; United States v. Cline*, 566 F.2d 1220, 1221 (5th Cir.1978); *United States v. Haley*, 541 F.2d 678 (8th Cir.1974).

*United States v. Renfro*, 620 F.2d 497, 500 (5th Cir.), *cert. denied*, 449 U.S. 921, 101 S.Ct. 321, 66 L.Ed.2d 149 (1980). Thus, pretrial matters referred by a trial judge to a magistrate must be appealed first to the district court. We therefore cannot now address the issue of whether the magistrate's granting of the protective order was error.

### IV.

■ Singletary also makes a general assertion that B.R.X. gave only sparse and incomplete answers to the questions it did answer, and claims that the district court should have compelled complete answers before dismissing the claim. Singletary relies on *Skidmore v. Syntex Laboratories, Inc.*, 529 F.2d 1244 (5th Cir.1976), in which we reversed a district court's jurisdictional dismissal to allow the plaintiff to take more discovery. *Skidmore* is clearly distinguishable from the current case. In *Skidmore* the plaintiff was misled by the defendant's answers to interrogatories through no fault of the plaintiff. The defendant was a corporate conglomerate, all members of which had very similar names, and its answers to the interrogatories made it unclear which members were proper defendants. The important factor in *Skidmore* was that, through no fault of his own, the plaintiff was so misled by the defendant's answers that he did not even know what questions to ask to elicit the needed information. *See id.* at 1246–47. In the current case, Singletary was not misled by any of B.R.X.'s answers; he knew, or should have known, what questions needed to be asked, but he never used his opportunities to do so. He never appealed the order of the magistrate limiting the scope of discovery and never

used the ten additional interrogatories allowed by the magistrate.

Additionally, Singletary failed to present the issue of incomplete answers to the district court. Singletary did file a motion to compel in the district court on January 20, 1986, which was scheduled for a hearing on February 4, 1987 (after the date of the eventual dismissal for lack of personal jurisdiction). However, that motion was directed to discovery of the items that the magistrate ruled were nonjurisdictional—*e.g.*, the relationship between B.R.X. and Clapps. The motion did not assert that B.R.X. should reanswer the previous jurisdictional questions more precisely; rather, it was an attempt to investigate the substantive issues after the district court's initial finding that personal jurisdiction existed. Prior to January 7, 1987, the date that the district court had scheduled the jurisdiction hearing, Singletary never attempted to obtain more specific answers to the interrogatories that B.R.X. had been ordered to answer. We have repeatedly held that in the absence of exceptional circumstances constituting a miscarriage of justice, issues not presented to the trial court will not be considered on appeal. *Jones v. Birdsong*, 679 F.2d 24, 25 (5th Cir.1982), *cert. denied*, 459 U.S. 1202, 103 S.Ct. 1186, 75 L.Ed.2d 433 (1983). Singletary could easily have moved the district court to compel B.R.X. to better answer the permitted interrogatories; he received B.R.X.'s responses in late November 1986 and was well aware that the district court would consider the jurisdictional issue in early 1987. Nevertheless, he never complained about the adequacy of the responses to the permitted discovery. We find no exceptional circumstances here.

### V.

For the reasons set forth above, we AFFIRM the district court's order dismissing Singletary's complaint for lack of personal jurisdiction.