United States Court of Appeals
Fifth Circuit

**F I L E D**

May 24, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 04-10522
Summary Calendar

---

JIMMIE L. DIXON,

Plaintiff-Appellant,

versus

WILLIAM J. HENDERSON, Postmaster General;
ROY MARTIN, Station Manager; WILLIAM
R. (BILL) OLIVER, Supervisor,

Defendants-Appellees.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:99-CV-834-L

---

Before KING, GARWOOD and SMITH, Circuit Judges.

PER CURIAM:[*]

Jimmie L. Dixon, federal prisoner # 29531-077, appeals the district court's denial of his employment discrimination action against his former employer, the United States Postal Service, following a bench trial. Dixon argues that the district court clearly erred by denying his Title VII claims for employment

---

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

discrimination and hostile work environment.

The testimony at trial supported the district court's finding that Dixon's alleged mistreatment was caused by a personality conflict with his supervisor, not animus based upon race or gender. Dixon admitted that he did not know why he was mistreated. Accordingly, the district court's denial of Dixon's Title VII employment discrimination and hostile work environment claims was based upon a plausible account of the evidence and not clearly erroneous. *See Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573-74 (1985); *United States Postal Serv. Bd. of Governors v. Aikens*, 86 F.3d 424, 428 (5th Cir. 1996). Furthermore, the evidence at trial established that Dixon resigned from his position after his arrest on unrelated criminal charges, he was not fired or demoted, and his duties had not changed. Accordingly, Dixon has not shown that the district court clearly erred by denying his Title VII employment discrimination claim for lack of an adverse employment action. *See Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998).

While Dixon concedes that the district court properly dismissed without prejudice his disability discrimination claim under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213, he argues for the first time on this appeal that the district court abused its discretion by not construing the claim as arising under the Rehabilitation Act, 29 U.S.C. §§ 791-794e.

2

Neither the Rehabilitation Act nor the contention that some sort of amendment to the disability claim should be made was ever at any time mentioned in the trial court, by motion for new trial or by post-judgment motion or otherwise. Accordingly, any such contention has been forfeited and we do not consider it. Moreover, even if we considered it and even assuming arguendo that the district court erred by not construing the claim as arising under the Rehabilitation Act, any such error was harmless as the district court's finding that Dixon did not suffer an adverse employment action would defeat the claim. *See Burlington Indus., Inc.*, 524 U.S. at 761; *Hainze v. Richards*, 207 F.3d 795, 799 (5th Cir. 2000) (jurisprudence interpreting ADA or Rehabilitation Act is applicable to both); *McInnis v. Alamo Cmty. Coll. Dist.,* 207 F.3d 276, 279-80 (5th Cir. 2000) (adverse employment action is one element of an employment discrimination claim under the ADA).

Dixon argues that the district court abused its discretion by refusing to allow him to constructively amend his complaint and add a retaliation claim. Dixon did not raise his retaliation claim until after answer and after the discovery period ended and more than two and a half years had elapsed since he filed this action. Given the undue delay and prejudice inherent in seeking to raise a new claim at that juncture in the course of the litigation, the district court did not abuse its discretion by refusing to allow the amendment. *See Daves v. Payless Cashways, Inc.*, 661 F.2d 1022,

3

1025 (5th Cir. Unit A Nov. 1981).

Dixon argues that the district court abused its discretion by denying his motions for appointment of counsel. However, because Dixon did not appeal the magistrate judge's denial of his motions for appointment of counsel to the district court, we have no jurisdiction to consider this challenge and this portion of Dixon's appeal is dismissed. *See Singletary v. B.R.X., Inc.*, 828 F.2d 1135, 1137 (5th Cir. 1987).

The remainder of Dixon's contentions are also without merit. Because Dixon's discovery motions were denied in order to enforce the district court's scheduling order, the district court did not abuse its discretion by denying the discovery motions. *See Turnage v. General Elec. Co.*, 953 R.2d 206, 208-09 (5th Cir. 1992). Because Dixon did not make a jury trial demand until more than two years after the last pleading was filed in the case, the district court did not deny Dixon his right to a jury trial as the right had been waived. *See* FED. R. CIV. P. 38(b) and (d). Because the trial was a bench trial, not a jury trial, the provision of FED. R. EVID. 403 allowing for the exclusion of evidence if the probative value is outweighed by the danger of unfair prejudice had no application, and the district court did not abuse its discretion by admitting the evidence of Dixon's convictions. *See* FED. R. EVID. 609(a); *Gulf States Utils. Co. v. Ecodyne Corp.*, 635 F.2d 517, 519 (5th Cir. Unit A Jan. 1981). The contention that the ADA's exclusion of the

4

federal government as a covered employer is unconstitutional is raised for the first time on appeal; it is hence forfeited; in any event, it is plainly without merit.

We modify the district court's April 19, 2004 separate document judgment to expressly reflect that (as provided in the court's accompanying April 19, 2004 order) the dismissal of Dixon's Americans with Disabilities Act (ADA) claims is without prejudice.

APPEAL DISMISSED IN PART, and otherwise

AFFIRMED AS MODIFIED.