# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
December 20, 2011

Lyle W. Cayce
Clerk

No. 11-30191

FLORITA NOELLE LEE; AUTUMN WATLEY; CHRISTINE KILLINGER; TARA DAVIS,

Plaintiffs - Appellees

v.

PLANTATION OF LOUISIANA, L.L.C., doing business as Plantation Gentlemans Club; AL DICICCO; JECHAKE, INCORPORATED; GOLDING ENTERPRISES, L.L.C.; JERRY GOLDING,

Defendants - Appellants

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:10-CV-364

Before JONES, Chief Judge, HAYNES, Circuit Judge, and ENGELHARDT, District Judge.[*]

PER CURIAM:[**]

---

[*] District Judge of the United States District Court for the Eastern District of Louisiana, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-30191

This case presents the question of whether a party may appeal a magistrate judge's order denying a motion to compel arbitration and to stay the action pending arbitration directly to the appellate court without filing objections to the magistrate judge's order or appealing to the district court. This court must examine the basis of its jurisdiction on its own motion if necessary. *Hill v. City of Seven Points*, 230 F.3d 167, 169 (5th Cir. 2000). In this collective action under the Fair Labor Standards Act, the defendants filed a notice of appeal directly from the magistrate judge's order denying without prejudice their motion to compel arbitration and to stay the action pending arbitration. We requested supplemental briefing regarding the jurisdictional issue, and both parties responded with letter briefs contending that appellate jurisdiction is proper.[1]

Federal appellate courts have jurisdiction over appeals only from: (1) final orders, 28 U.S.C. § 1291; (2) orders that are deemed final due to jurisprudential exception or which can be properly certified as final pursuant to Federal Rule of Civil Procedure 54(b); and (3) interlocutory orders that fall into specific classes, 28 U.S.C. § 1292(a), or which can be properly certified for appeal by the district court, 28 U.S.C. § 1292(b). *See Dardar v. Lafourche Realty Co.*, 849 F.2d 955, 957 (5th Cir. 1988); *Save the Bay, Inc. v. U.S. Army*, 639 F.2d 1100, 1102 (5th Cir. 1981) (per curiam). A magistrate judge's order is not a final order and it does not fall into any of the other categories that would make it appealable. *See*

---

[1] Appellants concede that they appealed only the magistrate judge's order and no other. We have held that "[w]here the appellant notices the appeal of a specified judgment only or a part thereof,. . . this court has no jurisdiction to review other judgments or issues which are not expressly referred to and which are not impliedly intended for appeal." *C. A. May Marine Supply Co. v. Brunswick Corp.*, 649 F.2d 1049, 1056 (5th Cir. 1981) (per curiam).

No. 11-30191

*Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 868 (5th Cir. 2000) ("A magistrate judge's order issued under 28 U.S.C. § 636 (b)(1)(A) or § 636(b)(1)(B) only becomes final once the district court makes it final."); *Singletary v. B.R.X., Inc.*, 828 F.2d 1135, 1137 (5th Cir. 1987) ("[P]retrial matters referred by a trial judge to a magistrate must be appealed first to the district court."). "[A]ppellate courts are without jurisdiction to hear appeals directly from federal magistrates." *Singletary*, 828 F.2d at 1137 (internal quotation marks and citations omitted) (concluding that where party failed to object to the magistrate judge's order or appeal it to the district court, the appellate court lacked jurisdiction); *United States v. Renfro*, 620 F.2d 497, 500 (5th Cir. 1980) (interpreting 28 U.S.C. § 636(b)(1)(A) and concluding that where a party failed to appeal the magistrate judge's decision to the district court until after trial, the appellate court lacked jurisdiction because the "delay deprived the trial judge of his ability to review the magistrate's holding").

Appellants' supplemental brief assumes that the district court implicitly accepted the magistrate judge's order after the Appellees failed to object. This is incorrect, however, as there is nothing in the record to support the assumption. It fell on the Appellants to object to the order first in the district court before they could preserve any avenue for appeal. Although there is no explicit delegation to the magistrate judge concerning this motion, the magistrate judge could rule or make a recommendation on this motion under either 28 U.S.C. § 636(b)(1)(A) or (B). If his "order" was entered under the former provision, then Appellants were required to appeal to the district court to preserve an issue for appeal in this court. *See* FED. R. CIV. P. 72(a); *Singletary*, 828 F.3d at 1137. If the order was essentially a "dispositive" order

No. 11-30191

pursuant to 28 U.S.C. § 636(b)(1)(B), then it constituted no more than a Report and Recommendation to which Appellants had to file objections in the district court, and which never became an "order" without a de novo district court ruling. *See* FED. R. CIV. P. 72(b). Either way, there was no order over which this court may exercise appellate jurisdiction. *See Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 220 (5th Cir. 2000). Although the Federal Arbitration Act permits interlocutory appeals, nothing in that Act evinces an attempt to alter the provisions of the Magistrate Judges Act or the caselaw interpreting it. *See* 9 U.S.C. § 16 (statute allowing interlocutory appeals makes no mention of magistrate judges).[2]

Accordingly, the appeal must be dismissed for lack of jurisdiction.[3]

IT IS SO ORDERED.

---

[2] The magistrate judge's ruling was that the decision on arbitration should be postponed until other members of the collective class could receive notice, something that very well may already have occurred. The Federal Arbitration Act evinces a clear intent that motions to compel arbitration be determined promptly. We have no doubt that the district court will give this matter prompt consideration upon remand.

[3] Because we conclude jurisdiction is lacking, we need not reach the question of whether a motion to compel arbitration is a dispositive or non-dispositive motion for purposes of the standard of review by the district judge of the magistrate judge's order. *See, e.g., Powershare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 14 (1st Cir. 2010).