# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
March 31, 2020

Lyle W. Cayce
Clerk

No. 19-40266
Summary Calendar

KEVIN ARTHUR LARSON, JR.,

Plaintiff-Appellant

v.

AMY WESTBROOK,

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:18-CV-103

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Kevin Arthur Larson, Jr., Texas prisoner # 7833235, proceeding pro se, filed a civil rights action against Amy Westbrook, a prison official at the Beto Unit, where he is incarcerated. The district court granted Westbrook's summary judgment motion and dismissed the action. Larson now appeals, raising several issues.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-40266

We cannot consider Larson's contention that he should have been allowed to file a second amended complaint; this is because the rulings as to this issue were made by the magistrate judge, and Larson failed to appeal the matter to the district court. *See Singletary v. B.R.X., Inc.*, 828 F.2d 1135, 1137 (5th Cir. 1987). As to Larson's argument that he should have been allowed to conduct discovery to obtain Westbrook's employment disciplinary record and establish that Westbrook had previously been found guilty of an offense involving the use of force against another prisoner, Larson fails to establish an abuse of discretion, as he has not shown how the discovery was necessary to defeat the summary judgment motion. *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994).

Larson also raises challenges to the grant of summary judgment. Contrary to his contention, qualified immunity is a defense to an individual capacity lawsuit. *See Sanders-Burns v. City of Plano*, 594 F.3d 366, 379 (5th Cir. 2010). To the extent that Larson argues that summary judgment should not have been granted because Westbrook violated the Safe Prisons Act, he fails to show error, as neither a violation of state law, nor the failure to follow prison policy, standing alone, establishes a violation of federal constitutional right. *See Giovanni v. Lynn*, 48 F.3d 908, 912-13 (5th Cir. 1995); *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986). Larson also fails to show error to the extent he relies on Westbrook's threats, as verbal threats and threatening gestures, standing alone, do not amount to a constitutional violation. *See Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993); *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983). Although Larson contends that Westbrook is aware that her actions were illegal and that various prison officials are also aware of her illegal actions, and that he has witnesses who will testify as to her behavior, such contentions do not address

the merits of the district court's thorough explanation of its summary judgment dismissal of his claims, and we "will not raise and discuss legal issues that [Larson] has failed to assert." *Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Finally, appealing the denial of his motion for the appointment of counsel, Larson contends that he did not have a fair opportunity to prosecute his claims in the district court because he was confined in a segregation unit and did not have access to legal materials. A district court is not required to appoint counsel for an indigent plaintiff in a civil rights action unless there are exceptional circumstances. *Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir. 1982). The district court should consider several factors when determining whether to appoint counsel, including (1) the type and complexity of the case; (2) the plaintiff's ability to adequately present and investigate the case; (3) the presence of a majority of evidence consisting of conflicting testimony which requires skill in the presentation of evidence and in cross-examination; and (4) the likelihood that the appointment will benefit the plaintiff, the defendants, or the court by shortening the length of the trial and assisting in a just determination of the case. *Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992). Our review shows that there was no abuse of discretion. *See Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987).

In view of the foregoing, the judgment of the district court is AFFIRMED. Larson's motion for the appointment of counsel is DENIED.