# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 8, 2022

Lyle W. Cayce
Clerk

No. 21-30170
Summary Calendar

Mary Delores Savoy,

*Plaintiff—Appellant*,

*versus*

Douglas Stroughter, *Lieutenant Colonel*; Haver Durr, *Sergeant*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:18-CV-463

Before King, Costa, and Ho, *Circuit Judges*.

Per Curiam:*

Plaintiff-appellant Mary Delores Savoy appeals the summary judgment dismissing her excessive force claim against defendants-appellees Douglas Stroughter and Haver Durr. For the reasons discussed, we vacate

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-30170

the judgment and remand to the district court with instructions to rule on the plaintiff's motion under Federal Rule of Civil Procedure 72(a).

## I.

On April 13, 2018, Joseph Savoy[1] filed this 42 U.S.C. § 1983 suit against the defendants claiming that they acted in retaliation against him in violation of his rights under the First and Fourteenth Amendments and used excessive force against him in violation of his rights under the Fourth and Eighth Amendments. He also filed related state-law claims.

The claims arose from an incident that occurred on July 31, 2017, in a hallway of the Dixon Correctional Institution, where Joseph was a prisoner and the defendants were employees. Following a verbal altercation between Joseph and the defendants, the defendants used force against Joseph to restrain him. Joseph claimed the defendants attacked him because he had previously filed grievances against different prison guards. The defendants responded that they had no knowledge about these prior grievances, but rather, only restrained Joseph because he physically and verbally threatened them and refused to listen to their verbal commands.

A video partially captured the incident. Important to this appeal, the video was delivered by the defendants to the plaintiff in nine individual video clips, with gaps in time between some of these clips. The appellant believes the defendants withheld video clips of those gaps in time and sought to compel their delivery. The magistrate judge denied that motion to compel, and the appellant sought review of that denial with the district court under Federal Rule of Civil Procedure 72(a).

---

[1] Joseph has since passed away from unrelated causes. Mary Savoy, his relative, now continues the suit.

2

No. 21-30170

Without ruling on the 72(a) motion, the district court granted summary judgment to the defendants, finding that they were entitled to qualified immunity. First, the court found that Mary failed to submit any evidence to support the claim that the defendants' acts were in retaliation for Joseph's prior complaints, and thus, dismissed the retaliation claim. Then, applying the factors outlined in *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992), the court concluded that the uncontested facts—made up from the testimony of the defendant-witnesses and video that partially captured the incident—supported the officers' reasonable perception that Joseph was a threat, so the court granted the defendants qualified immunity on the excessive force claim. Finally, because the court disposed of the federal claims, it stated in its opinion that it would dismiss the state-law claims without prejudice, however, in the court's judgment, it dismissed all claims with prejudice.

Mary now appeals. She argues that there were questions of fact regarding whether Joseph actually threatened the defendants. She also argues that the district court erred by not granting the motion to compel and not giving to the appellant a presumption of spoliation. Finally, the parties agree that the state-law claims should have been dismissed without prejudice.

## II.

We address only her second argument. The appellant contends that the magistrate judge erred when it denied the motion to compel. The appellees respond that the district court never ruled on the appellant's 72(a) motion, and thus, we are deprived of jurisdiction. *Singletary v. B.R.X., Inc.*, 828 F.2d 1135, 1137 (5th Cir. 1987). The appellees are correct. Absent a ruling by the district court, we cannot review this issue. Thus, the appropriate course is for us to remand to the district court for such a ruling. *Cf., e.g., Davis v. Davis*, 826 F.3d 258, 270 (5th Cir. 2016) (remanding for further consideration where the district court did not consider a necessary

No. 21-30170

argument); *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997) ("Because the district court did not rule on [appellant's 72(a)] objections, we do not reach the issue and instead remand to the district court for such a ruling.").

If the district court finds that the magistrate judge did err in denying the motion to compel, it is plausible that any resulting evidence would affect the summary judgment ruling. So, the judgment should be vacated pending resolution of the 72(a) motion.

## III.

Because the district court did not rule on the appellant's 72(a) motion, we VACATE the judgment and REMAND this matter to the district court to issue a ruling on the Motion for Review and Objections to Magistrate Decision.