# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 6, 2023

Lyle W. Cayce
Clerk

No. 21-20511

Securities and Exchange Commission,

*Plaintiff—Appellee*,

*versus*

Frederick Alan Voight; Daystar Funding, L.P.; F.A. Voight & Associates, L.P., *Relief Defendant*; Rhine Partners, L.P., *Relief Defendant*; Topside Partners, L.P., *Relief Defendant*,

*Defendants—Appellants*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CV-2218

Before Elrod, Haynes, and Willett, *Circuit Judges*.

Per Curiam:*

The Securities and Exchange Commission brought civil enforcement proceedings against Appellant Frederick Alan Voight for the latter's role in Ponzi schemes that defrauded investors of tens of millions dollars. Voight challenges the legality of the remedies ordered by the district court, and the sufficiency of the process he received in connection with the district court's

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 21-20511

consideration of the SEC's remedies motion.  But the issues he presents are either foreclosed by our recent decision in *SEC v. Hallam*, 42 F.4th 316 (5th Cir. 2022), or otherwise meritless.

Among other things, the district court ordered Voight to pay disgorgement and pre-judgment interest on that award, enjoined him from participating in the sale or issuance or securities except on his own behalf, froze assets belonging to several companies he controlled, and ordered that those assets be turned over to contribute towards the disgorgement award.  Voight challenges each of those remedies.

First, the disgorgement award was lawful because it reasonably approximated Voight's unjust enrichment, in accordance with our precedent prior to the Supreme Court's decision in *Liu v. SEC*, 140 S. Ct. 1936 (2020). *See Hallam*, 42 F.4th at 338, 341 (explaining that the relevant amendments to the Securities Act and Exchange Act ratified the pre-existing framework for calculating disgorgement).  Second, the pre-judgment interest was permissible because Voight consented to a disgorgement award with such interest in the agreed partial judgment and because, as we recently held, an award of legal disgorgement "may include interest." *Id.* at 341.  Third, as to the legal-conduct injunction and asset-freeze order, Voight failed to "address the district court's analysis and explain how it erred," and so failed to "adequately brief the arguments on appeal." *Id.* at 327 (quoting *Rollins v. Home Depot USA*, 8 F.4th 393, 397 & n.1 (5th Cir. 2021)) (internal quotation marks omitted).  Thus, those issues are forfeited.

The district court also relied on a declaration made by the SEC's fraud examiner to support the disgorgement award.  Voight contends that this was error because the statements made in the declaration are irrelevant and hearsay.  That issue is forfeited.  Voight moved to exclude the declaration in the district court, and the motion was referred to the magistrate judge.  The

2

magistrate judge denied the motion, and Voight did not appeal that motion to the district judge, as is required to preserve such an objection. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). He forfeited this issue by failing to do so. *See, e.g.*, *Singletary v. BRX, Inc.*, 828 F.2d 1135, 1137 (5th Cir. 1987); *Lee v. Plantation of Louisiana, LLC*, 454 F. App'x 358, 359–60 (5th Cir. 2011). And even if he did not, Voight forfeited any argument that the magistrate judge's order constitutes plain error by failing to adequately brief the issue on appeal. *See, e.g.*, *Garcia v. Orta*, 47 F.4th 343, 349 n.1 (5th Cir. 2022); *United States v. O'Neal*, 742 F. App'x 836, 845 (5th Cir. 2018).

Finally, in considering the SEC's remedies motion, the district court denied a motion by Voight to take the deposition of the SEC's fraud examiner and (over Voight's objection) declined to hold an evidentiary hearing. Voight argues that those decisions constitute an abuse of discretion and denied him due process. As to the discovery motion, Voight fails to present anything that overcomes the "great deference" we afford discovery rulings. *United States v. Mora*, 994 F.2d 1129, 1138 (5th Cir. 1993); *see also SEC v. Team Resources, Inc.*, 942 F.3d 272, 278 (5th Cir. 2019), *vacated on other grounds sub nom.*, *Team Resources, Inc. v. SEC*, 141 S. Ct. 186 (2020) (mem.).

As to the evidentiary hearing, Voight argues that he was entitled to (a) cross-examine the SEC's fraud examiner; and (b) introduce evidence contradicting the fraud-examiner's assertions. As an initial matter, we note that, as in *Hallam*, Voight consented to have the remedies motion decided on the SEC's motion—and that a district court is not required to hold a hearing on such a motion. *See* 42 F.4th at 324. Moreover, Voight's objections to the fraud examiner's testimony are the same as those he made when he moved to exclude the declaration. But he failed to appeal that decision. Voight therefore offers no other basis for eliciting testimony from the fraud examiner on cross examination other than to reiterate those rejected arguments. *See Sahara Health Care, Inc. v. Azar*, 975 F.3d 523, 531 (5th Cir. 2020) (cross

examination was not required where defendant failed to identify sufficient need for it). And regarding would-be contradicting evidence, Voight fails to identify any such evidence, either in his opening brief or in his supplemental letter brief. As such, the district court did not err in concluding that Voight had "not identified any evidence that must be further developed at a hearing." *SEC v. Voight*, No. 4:15-cv-2218, 2021 WL 5181062, at *3 n.14 (S.D. Tex. June 28, 2021); *see Hallam*, 42 F.4th at 323 (holding that the district court did not abuse its discretion in denying evidentiary hearing where defendant failed to identify any evidence "not already in the record" that would have affected the proceedings below).

\* \* \*

To summarize, Voight's remedies issues are foreclosed by our recent decision in *SEC v. Hallam*, his evidentiary objections are forfeited, and his due-process objections lack merit. AFFIRMED.