# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 20, 2024

Lyle W. Cayce
Clerk

————————

No. 23-60603

————————

Braz Coleman,

*Plaintiff—Appellant*,

*versus*

Lauderdale County; Billie Sollie; Ticia Marlow;
Sergeant Smith; Southern Health Partners,

*Defendants—Appellees*.

————————————————————————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:22-CV-621

————————————————————————

Before Stewart, Haynes, and Higginson, *Circuit Judges*.

Per Curiam:[*]

Braz Coleman, a Mississippi pretrial detainee, moves for leave to proceed in forma pauperis (IFP) on appeal from the denial of interlocutory orders entered by the magistrate judge in his 42 U.S.C. § 1983 action. In denying IFP status, the district court determined that the notice of appeal was premature, and that Coleman sought to appeal a non-appealable order.

————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-60603

Liberally construed, Coleman's IFP brief challenges the district court's determination that he was appealing prior text-only orders. He contends that the notice of appeal also reflected that orders granting, modifying, or continuing an injunction, or refusing to do so, are appealable. He further contends that the notice of appeal also addressed the denial of his request for counsel, which is an appealable collateral order. Additionally, he asserts that he filed his notice of appeal within 30 days of the earliest date that the judgment could have become final under Federal Rule of Appellate Procedure 4(a)(2). He explains that because both the denial of counsel and dismissal of his case were entered before the entry of judgment, his notice of appeal was not premature, as the district court determined.

We do not have jurisdiction to review the magistrate judge's text-only orders. *See Singletary v. B.R.X., Inc.*, 828 F.2d 1135, 1137 (5th Cir. 1987); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Even if Coleman's notice of appeal also pertained to the order denying the appointment of counsel, we may not review that order, which was issued by the magistrate judge. *See Singletary*, 828 F.2d at 1137. We also note that the district court's order denying injunctive relief was issued months after Coleman filed his notice of appeal and further that no final judgment has been entered in this case. *See* 28 U.S.C. §§ 1291, 1292.

Because Coleman's notice of appeal does not correspond to any appealable decision, the appeal is DISMISSED for lack of jurisdiction. Coleman's IFP motion is DENIED.