# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 24-10492
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

October 17, 2024

Lyle W. Cayce
Clerk

Steve Van Horne,

*Plaintiff—Appellant*,

*versus*

Harriett L. Haag, *Judge, Taylor County Court at Law #2*; Brandi Deremer; Brandy Maldonado; Taylor County Court at Law No. 2,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:23-CV-240

———————————————————————

Before Ho, Wilson, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Steve Van Horne, proceeding pro se, moves for leave to proceed in forma pauperis (IFP) in this appeal of the district court's judgment dismissing his 42 U.S.C. § 1983 complaint under 28 U.S.C. § 1915(e)(2)(A). After the magistrate judge (MJ) held an evidentiary hearing on Van Horne's

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

allegations of poverty and prior to the entry of judgment, Van Horne sought a 56-day stay of his case based on his claim that religious obligations prevented him from monitoring and participating in his case for that period. The MJ denied his motion as well as his motion for reconsideration of that order. During the 56-day period, the MJ issued a report recommending that the district court dismiss the case based on the MJ's findings that Van Horne's allegations of poverty were not true, *see* 28 U.S.C. § 1915(e)(2)(A), and the district court entered its order and judgment accepting and adopting the MJ's report and dismissing his case with prejudice without Van Horne having filed any objections to the report.

In his IFP motion, Van Horne argues that the MJ erred in denying his motion for stay, and that as a result, the MJ entered his report, Van Horne missed the deadline to file objections to the report, and the district court dismissed his case. The motion constitutes a challenge to the district court's certification that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Because Van Horne did not object to or appeal the MJ's orders denying his motions for stay and for reconsideration, we lack jurisdiction to consider his challenges to those orders. *See Singletary v. B.R.X., Inc.*, 828 F.2d 1135, 1137 (5th Cir. 1987). Otherwise, Van Horne fails to address the district court's reasons for the dismissal of his complaint on the ground that his allegations of poverty were untrue under § 1915(e)(2)(A). Pro se briefs are afforded liberal construction. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). Nevertheless, when an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed the decision. *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

No. 24-10492

Because Van Horne has failed to meaningfully challenge any factual or legal aspect of the district court's reasons for the dismissal of his complaint, he has abandoned the critical issue of his appeal. *See id.* The appeal therefore lacks arguable merit. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). The motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. Van Horne is WARNED that filing further frivolous appeals may subject him to sanctions, including monetary sanctions and restrictions on access to federal courts. *See* FED. R. APP. P. 38; *Clark v. Green*, 814 F.2d 221, 223 (5th Cir. 1987).