# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 24, 2011

No. 10-40426
Summary Calendar

Lyle W. Cayce
Clerk

SANDRIA L. SHELDON,

Plaintiff-Appellant

v.

SMITH COUNTY JAIL MEDICAL CLINIC, Unknown Doctors and Nurses;
SMITH COUNTY JAIL SHERIFF'S DEPARTMENT, Unknown Jailers and
Staff; J.B. SMITH, Smith County Sheriff; UNKNOWN NURSE; UNKNOWN
HOSPITAL; UNKNOWN JAILERS; UNKNOWN DOCTORS

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:08-CV-68

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Sandria L. Sheldon, Texas prisoner # 1363945, appeals the district court's
dismissal of her pro se 42 U.S.C. § 1983 complaint as frivolous and for failure to
state a claim. Sheldon alleged in her complaint that the defendants wrongly
placed her in a suicide observation cell after she complained about pain from her
head and neck injuries. She acknowledged that she told an unknown male nurse

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

that her pain was so severe that she wished that she were dead, but alleged that she did not intend her comment to be interpreted literally. Sheldon argued that her unjustified placement in the cell while injured, and the defendants' failure to respond to her consequent protestations, constituted deliberate indifference.

Sheldon's appellate brief does not address the district court's reasons for dismissing her claim. She merely recites cursorily the facts that she believes support her claim and neither addresses the relevant legal standard nor sets forth facts or legal argument regarding whether the defendants' decision to place her in the observation cell satisfied that standard. Sheldon specifically does not brief whether the defendants' actions were a reasonable response to her remark that she was in such severe pain that she wished that she were dead, and her claim that the defendants did not follow their procedures in supervising her after her placement in the cell does not address the court's reasoning for dismissing the complaint and otherwise is conclusory and without merit. *See Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986). Her brief also does not address the district court's conclusions that the defendants raised a meritorious defense of qualified immunity; her claims against Sheriff J.B. Smith were based exclusively on the doctrine of respondeat superior; the Smith County Jail Medical Center and the Smith County Sheriff's Department could not be sued because they had no separate legal existence; and the unknown hospital and the unknown doctors and medical staff were not personally involved in the alleged wrong. Her assertion that the district court improperly denied her the chance to present unspecified evidence at the evidentiary hearing on her claims is without merit. *See Cay v. Estelle*, 789 F.2d 318, 326 (5th Cir. 1986), *overruled on other grounds*, *Denton v. Hernandez*, 504 U.S. 25 (1992).

Although we apply less stringent standards to parties proceeding pro se than to parties represented by counsel and liberally construe briefs of pro se litigants, pro se parties must still brief the issues and reasonably comply with the requirements of Federal Rule of Appellate Procedure 28. *Grant v. Cuellar*,

No. 10-40426

59 F.3d 523, 524 (5th Cir. 1995).  An appellant's brief must contain an argument, which in turn must contain her "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies" and "for each issue, a concise statement of the applicable standard of review[.]" Rule 28(a)(9); *see Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).  We will not raise and discuss legal issues that Sheldon has failed to assert; when an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed that judgment.  *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Because Sheldon has failed to address sufficiently the reasons for the district court's conclusion that her claim lacked merit, she has not shown error in the dismissal of her complaint.  The judgment of the district court is affirmed. Her motion for oral argument is denied.  Because she has not shown the existence of exceptional circumstances, her motion for the appointment of appellate counsel also is denied.  *Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir. 1982).

AFFIRMED; MOTIONS DENIED.