# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-60484
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 15, 2016

Lyle W. Cayce
Clerk

LURETHA O. BIVINS,

      Plaintiff-Appellant,

v.

MISSISSIPPI REGIONAL HOUSING AUTHORITY VIII,

      Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:13-CV-230

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Luretha O. Bivins appeals the district court's summary judgment order dismissing her race and age discrimination claim under Title VII and the Age Discrimination in Employment Act. Because Bivins's various arguments on appeal are meritless and the district court correctly granted summary judgment, we AFFIRM.[1]

Bivins, a 63-year-old African-American woman, filed a charge of discrimination with the United States Equal Employment Opportunity

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Bivins's motion to strike MRHA's brief is DENIED.

No. 15-60484

Commission against the Mississippi Regional Housing Authority VIII (MRHA), alleging race and age discrimination. She claims that she applied for five positions with MRHA,[2] yet was interviewed for none. Bivins alleges that her age and race were decisive factors in her failure to receive an interview.

MRHA moved for summary judgment, arguing not only that was there no evidence indicating discrimination, but also that Bivins had not actually applied for the positions. Alternatively, MRHA argued that Bivins's revoked broker's license would have provided a legitimate nondiscriminatory ground to decline to interview Bivins even if her applications had been received and reviewed. The district court granted MRHA's summary motion and entered final judgment for MRHA.[3]

Bivins appeals the district court's summary judgment, and also conclusorily argues that the district court abused its discretion by: (1) allowing her to be deposed in the magistrate judge's chambers; (2) allowing MRHA to refuse to answer questions during discovery; (3) allowing MRHA to avoid submitting a Notice of Appearance of Counsel; and (4) imposing a tax on her for an expert witness. Bivins does not present any legal authority in support of these arguments.

We review a district court's grant of summary judgment *de novo*. *Reed v. Neopost USA, Inc.*, 701 F.3d 434, 438 (5th Cir. 2012). Although we apply less stringent standards to *pro se* litigants than to parties represented by counsel, *pro se* litigants are still expected to brief the issues and reasonably

---

[2] Bivins also applied for a job in 2010 with the MRHA, and was interviewed, but she was not hired. The 2010 application is not the subject of this lawsuit.

[3] The district court also ruled that even if summary judgment were not warranted, it would have granted MRHA's Rule 37 motion to dismiss, because Bivins had failed to obey the court's discovery orders and refused to answer numerous questions and because "Plaintiff's actions and the tone and content of her pleadings throughout this litigation have been abusive towards both Defense counsel and the Magistrate Judge. Plaintiff has exhibited a clear record of contumacious conduct, which would warrant dismissal of her claims."

comply with the requirements of Federal Rule of Appellate Procedure 28. *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). An appellant's brief must contain an argument, which in turn must contain her "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies" and "for each issue, a concise statement of the applicable standard of review." Fed. R. App. P. 28(a)(8).

In arguing that the district court's summary judgment was improper, Bivins's brief does not provide "even the slightest identification of any error in [the district court's] legal analysis." *Brinkmann v. Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (affirming summary judgment where appellant had not meaningfully challenged the merits of the district court's ruling); *see also, e.g.*, *Sheldon v. Smith Cty. Jail Med. Clinic*, 439 F. App'x 343, 344 (5th Cir. 2011) ("[W]hen an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed that judgment."). In any event, we are not persuaded to disturb the district court's findings on the merits; Bivins has not produced summary judgment evidence to raise a fact issue as to whether she applied for or was qualified for the positions at issue, or to rebut MRHA's nondiscriminatory reasons for not hiring her. Accordingly, the district court properly granted summary judgment on Bivins's discrimination claims.

Bivins cites no legal authority in support of her remaining conclusory arguments, and they plainly lack merit. Bivins's challenge to the magistrate judge's actions regarding Bivins's deposition is not properly before us because she did not first raise it before the district court. *Singletary v. B.R.X., Inc.*, 828 F.2d 1135, 1137 (5th Cir. 1987) (holding that challenge to magistrate judge's discovery ruling was not properly before court of appeals because "pretrial matters referred by a trial judge to a magistrate must be appealed first to the district court"). The record forecloses Bivins's remaining claims: Bivins has

not identified any instance in which the district court permitted MRHA to refuse to answer questions in discovery, and MRHA responded to Bivins's discovery requests; MRHA's counsel properly made their appearance at the time of their first filing in the district court; and the district court revised the bill of costs to exclude the expert expenses Bivins now challenges.

For the foregoing reasons, we AFFIRM the district court's grant of summary judgment in favor of MRHA.